## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **DIPAK R. PATEL and VARSHA D. PATEL, ANAND S. PATEL and SANGEETHA A. PATEL, and HIMANSHU C. PATEL and JIGISHA H. PATEL,** | **CASE NO. 1:20-CV-01781** |
| | **JUDGE PAMELA A. BARKER** |
| **Plaintiffs,** | |
| **-vs-** | **MEMORANDUM OF OPINION AND ORDER** |
| **UNITED STATES OF AMERICA,** | |
| **Defendant.** | |

This matter comes before the Court upon the December 7, 2020 Motion to Dismiss filed by Defendant United States of America ("the Government").  (Doc. No. 8.)  Plaintiffs Dipak and Varsha Patel, Anand and Sangeetha Patel, and Himanshu and Jigisha Patel filed an Opposition to the Government's Motion to Dismiss on January 26, 2021, to which the Government replied on February 8, 2021.  (Doc. Nos. 10, 11.)  For the following reasons, the Government's Motion to Dismiss is GRANTED in part and DENIED in part.

## I.      Background

The Plaintiffs in this matter are three sets of married couples: Dipak and Varsha Patel, Anand and Sangeetha Patel, and Himanshu and Jigisha Patel ("Plaintiffs").  (Doc. No. 1, ¶¶ 3-5.)  The husbands, Dipak, Anand, and Himanshu, are stakeholders in a New Jersey corporation called Dharm,

Inc.[1] ("Dharm").  (*Id.* at ¶ 11.)  Nowhere in the Complaint do the Plaintiffs allege that the wives, Varsha, Sangeetha, and Jigisha, are stakeholders in Dharm.

This dispute arises out of a 2019 IRS audit of Dharm.  (*Id.* at ¶¶ 10, 15.)  Dharm is an S corporation for federal income tax purposes, meaning that any adjustments to Dharm's Form 1120S result in adjustments to the shareholders' individual Forms 1040.  (*Id.* at ¶ 12.)  Dharm and its shareholders retained the law firm Weston Hurd LLP to represent them in connection with the IRS audit.  (*Id.* at ¶ 13.)  Dharm and its shareholders authorized Weston Hurd to communicate directly with the IRS on their behalf.  (*Id.*)  Throughout the audit process, Weston Hurd communicated directly with the IRS agent conducting the audit, Agent Christine Cummins ("Agent Cummins").  (*Id.* at ¶ 14.)  Plaintiffs allege that the Dharm audit process was contentious and that Agent Cummins's conduct throughout the audit was arbitrary and excessive.  (*Id.* at ¶¶ 16-24.)

On June 17, 2020, Agent Cummins issued "a proposed assessment of the Plaintiffs, together with Mahesh Dubal," arising from the IRS audit of Dharm.  (*Id.* at ¶¶ 23, 33.)  According to Plaintiffs, Agent Cummins's "proposed assessment forms the basis of this action."  (*Id.* at ¶ 23.)  Agent Cummins provided Weston Hurd with copies of the proposed assessments.  (*Id.* at ¶ 27.)  These copies "were addressed in part to Plaintiffs Dipak and Varsha Patel, in part to Plaintiffs Anand and Sangeetha Patel, and in part to Plaintiffs Himanshu and Jigisha Patel."  (*Id.*)

On July 10, 2020, Weston Hurd filed a protest on behalf of the involved taxpayers, including all six Plaintiffs, as well non-parties Dubal, Dharm, and Oom, Inc. (another corporation in which certain Plaintiffs maintain an interest).  (*Id.* ¶ 26.)  Weston Hurd also requested an appeals conference on behalf of all taxpayers, including Plaintiffs.  (*Id.* at ¶ 29.)

---

[1] Dharm has a fourth stakeholder, Mahesh Dubal.  (Doc. No. 1, ¶ 11.)  Dubal is not a party to this action, although Dubal also retained Weston Hurd to represent him in conjunction with the IRS's 2019 audit of Dharm.  (*Id.* at ¶ 13.)

On July 14, 2020, Agent Cummins notified Weston Hurd that neither the protest nor appeal request was proper on behalf of all taxpayers.  (*Id.*)  Allegedly, Agent Cummins informed Weston Hurd that the IRS did not have Forms 2848, a power of attorney form, on file for all taxpayers, and therefore, Weston Hurd's protest and appeal request were not proper on behalf of all taxpayers.  (*Id.*)  However, Agent Cummins did not disclose to Weston Hurd which taxpayers lacked a Form 2848 on file.  (*Id.* at ¶ 30.)  According to Plaintiffs, Agent Cummins did not explain why she was permitted to disclose proposed assessments regarding all six Plaintiffs to Weston Hurd, yet Weston Hurd was not also authorized to file an appeal on behalf of all six Plaintiffs.  (*Id.* at ¶ 31.)

On July 16, 2020, Agent Cummins reiterated to Weston Hurd that a Form 2848 was required to timely file a protest on behalf of a taxpayer.  (*Id.* at ¶ 32.)  Agent Cummins informed Weston Hurd that unless the IRS received a Form 2848 for all taxpayers prior to the protest deadline (*i.e.*, July 17, 2020), the protest would not be considered timely filed.  (*Id.*)  According to Plaintiffs, at the time that they filed their Complaint on August 12, 2020, Agent Cummins had yet to confirm whether their protests were timely.  (*Id.* at ¶ 34.)

Plaintiffs allege a single cause of action: unauthorized disclosure/inspection under 26 U.S.C. § 7431.  (*Id.* at ¶¶ 37-45.)  Plaintiffs allege that the proposed assessments issued on June 17, 2020 constituted taxpayer information within the definition set forth in 26 U.S.C. § 6103.  (*Id.* at ¶ 33.)  Plaintiffs allege that Agent Cummins lacked the authority to disclose the tax information of Plaintiffs Varsha, Sangeetha, and Jigisha Patel to Weston Hurd when she sent copies of the proposed assessments to Weston Hurd.  (*Id.* at ¶¶ 38-43.)  Plaintiffs allege that, as evidenced by Agent Cummins's communications to Weston Hurd on July 14, 2020 and July 16, 2020, the firm lacked the

3

authority to file protests on behalf of certain taxpayers and therefore, Agent Cummins had no authority to disclose Varsha's, Sangeetha's, and Jigisha's return information to Weston Hurd.  (*Id.*)

## II.    Legal Standard

The Government moves to dismiss the Plaintiffs' Complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6).  Under Fed. R. Civ. P. 12(b)(6), the Court accepts the plaintiff's factual allegations as true and construes the Complaint in the light most favorable to the plaintiff.  *See Gunasekara v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009).  In order to survive a motion to dismiss under this Rule, "a complaint must contain (1) 'enough facts to state a claim to relief that is plausible,' (2) more than 'a formulaic recitation of a cause of action's elements,' and (3) allegations that suggest a 'right to relief above a speculative level.'"  *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (quoting in part *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).

The measure of a Rule 12(b)(6) challenge—whether the Complaint raises a right to relief above the speculative level—"does not 'require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face.'"  *Bassett v. National Collegiate Athletic Ass'n.*, 528 F.3d 426, 430 (6th Cir. 2008) (quoting in part *Twombly*, 550 U.S. at 555-56, 127 S.Ct. 1955).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).  Deciding whether a complaint states a claim for relief that is plausible is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.* at 679.

4

Consequently, examination of a complaint for a plausible claim for relief is undertaken in conjunction with the "well-established principle that 'Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief.'  Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Gunasekera*, 551 F.3d at 466 (quoting in part *Erickson v. Pardus*, 551 U.S. 89, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007)) (quoting *Twombly,* 127 S.Ct. at 1964).  Nonetheless, while "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era . . . it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."  *Iqbal,* 556 U.S. at 679, 129 S.Ct. 1937.

**III.    Analysis**

**A.    Overview of 26 U.S.C. §§ 6103, 7431**

Plaintiffs allege that their claim arises under 26 U.S.C. § 7431, which allows taxpayers to bring a civil action for damages arising from unauthorized disclosure of tax information in violation of 26 U.S.C. § 6103.  Internal Revenue Code § 6103 protects the confidentiality of tax returns and tax return information.  26 U.S.C. § 6103(a).  § 6103 defines "return" and "return information" broadly.  A return is defined as follows:

> The term "return" means any tax or information return, declaration of estimated tax, or claim for refund required by, or provided for or permitted under, the provisions of this title which is filed with the Secretary by, on behalf of, or with respect to any person, and any amendment or supplement thereto, including supporting schedules, attachments, or lists which are supplemental to, or part of, the return so filed.

26 U.S.C. § 6103(b)(1).  "Return information" is defined in relevant part as follows:

> (A) a taxpayer's identity, the nature, source, or amount of his income, payments, receipts, deductions, exemptions, credits, assets, liabilities, net worth, tax liability, tax withheld, deficiencies, overassessments, or tax payments, whether the taxpayer's

5

> return was, is being, or will be examined or subject to other investigation or processing, or any other data, received by, recorded by, prepared by, furnished to, or collected by the Secretary with respect to a return or with respect to the determination of the existence, or possible existence, of liability (or the amount thereof) of any person under this title for any tax, penalty, interest, fine, forfeiture, or other imposition, or offense[.]

26 U.S.C. § 6103(b)(2). "Return information" does not include "data in a form which cannot be associated with, or otherwise identify, directly or indirectly, a particular taxpayer." *Id.*

The prohibition on disclosure is subject to exceptions. Several exceptions are possibly relevant to the instant Motion. The first is § 6103(c), which provides for disclosure of returns and return information to the taxpayer's designee:

> The Secretary may, subject to such requirements and conditions as he may prescribe by regulations, disclose the return of any taxpayer, or return information with respect to such taxpayer, to such person or persons as the taxpayer may designate in a request for or consent to such disclosure, or to any other person at the taxpayer's request to the extent necessary to comply with a request for information or assistance made by the taxpayer to such other person. However, return information shall not be disclosed to such person or persons if the Secretary determines that such disclosure would seriously impair Federal tax administration. Persons designated by the taxpayer under this subsection to receive return information shall not use the information for any purpose other than the express purpose for which consent was granted and shall not disclose return information to any other person without the express permission of, or request by, the taxpayer.

26 U.S.C. § 6103(c).

The other is § 6103(e), which allows disclosure of returns and return information to certain "persons having material interest." 26 U.S.C. § 6103(e). § 6103(e)(1)(B) provides in relevant part that "[t]he return of a person shall, upon written request, be open to inspection by or disclosure to . . . in the case of an income tax return filed jointly, either of the individuals with respect to whom the return is filed[.]" 26 U.S.C. § 6103(e)(1)(B).

6

§ 6103(e)(6) allows disclosure of any return to a taxpayer's attorney-in-fact: "[a]ny return to which this subsection applies shall, upon written request, also be open to inspection by or disclosure to the attorney in fact duly authorized in writing by any of the persons described in paragraph (1), (2), (3), (4), (5), (8), or (9) to inspect the return or receive the information on his behalf, subject to the conditions provided in such paragraphs."  26 U.S.C. § 6103(e)(6).

Finally, § 6103(e)(7) allows disclosure of return information to a taxpayer or an individual authorized by the taxpayer to receive such information: "Return information with respect to any taxpayer may be open to inspection by or disclosure to any person authorized by this subsection to inspect any return of such taxpayer if the Secretary determines that such disclosure would not seriously impair Federal tax administration."  26 U.S.C. § 6103(e)(7).

Taxpayers can assert a private cause of action against the Government for violations of § 6103 pursuant to 26 U.S.C. § 7431.  "If any officer or employee of the United States knowingly, or by reason of negligence, inspects or discloses any return or return information with respect to a taxpayer in violation of any provision of section 6103, such taxpayer may bring a civil action for damages against the United States." 26 U.S.C. § 7431(a)(1).  In order for a plaintiff "to prevail under section 7431(a)(1), he must prove that (1) the disclosure was unauthorized, (2) the disclosure was made 'knowingly or by reason of negligence', and (3) the disclosure was a violation of section 6103." *McIntosh v. U.S.,* 82 Am. Fed. Tax Report 2d 98-6501, 1998 WL 762344 (S.D. Ohio Sept. 17, 1998). § 7431(b) contains two exceptions to liability.  First, no liability arises under § 7431 with respect to any disclosure "which results from a good faith, but erroneous, interpretation of section 6103."  26 U.S.C. § 7431(b)(1).  Second, no liability arises under § 7431 with respect to any disclosure "which is requested by the taxpayer."  26 U.S.C. § 7431(b)(2).

7

**B.**     **Dipak Patel, Anand Patel, and Himanshu Patel Cannot Assert a Claim for Unauthorized Disclosure**

First, the Government argues that Plaintiffs Dipak, Anand, and Himanshu Patel cannot assert a claim for unauthorized disclosure because the Complaint does not allege any unauthorized disclosure by the IRS to Weston Hurd with respect to Dipak's, Anand's, or Himanshu's tax return information.  (Doc. No. 8-1, PageID# 38.)  Plaintiffs do not oppose the Government's argument that Dipak, Anand, and Himanshu fail to state a claim.  The Court agrees with the Government.

§ 7431 provides that "[i]f any officer or employee of the United States knowingly, or by reason of negligence, . . . discloses any return or return information with respect to a taxpayer in violation of any provision of section 6103, *such taxpayer* may bring a civil action for damages against the United States . . . ."  26 U.S.C. § 7431 (emphasis added).   Thus, the plain language of the statute indicates that only "such taxpayer" whose return or return information was allegedly disclosed may state a claim for such disclosure.  *Id.  See also United States v. Garrity*, 187 F. Supp. 3d 350, 353 (D. Conn. 2016) ("The plain language of the statute calls for reading 'such taxpayer' to refer to the taxpayer whose 'return information' has been disclosed, not to anyone else."); *Ruiz Rivera v. I.R.S.*, 226 F. Supp. 2d 345, 349 (D.P.R. 2002) (concluding that "the phrase 'such taxpayer' indicates that only the taxpayer whose 'return' or 'return information' has been allegedly disclosed has standing to sue"); *May v. U.S.*, No. 91-0650-CV-W-9, 1995 WL 761107, at *1 (W.D. Mo. Oct. 5, 1995) (ordering spouse to show cause why she should not be dismissed from suit alleging unauthorized disclosure of her husband's return information).

The Complaint alleges that the Government "knowingly and negligently disclosed the tax information of Plaintiffs *Sangeetha Patel*, *Varsha Patel*, and *Jigisha Patel* in violation of 26 U.S.C. § 7431" when Agent Cummins provided copies of proposed assessments addressed to all six Plaintiffs

to Weston Hurd.  (Doc. No. 1, ¶¶ 23, 27, 39, 41, emphasis added.)  Nowhere in the Complaint do Plaintiffs allege that Agent Cummins lacked authorization to disclose Dipak's, Anand's, or Himanshu's return information to Weston Hurd.  To the contrary, Plaintiffs allege that Dharm and its shareholders—including Dipak, Anand, and Himanshu—retained Weston Hurd to represent them in connection with the Dharm audit and expressly authorized Weston Hurd to communicate with Agent Cummins on their behalf.  (*Id.* at ¶¶ 11, 13-14.)  Moreover, Plaintiffs do not address the Government's argument that Dipak, Anand, and Himanshu cannot assert a claim for disclosure of their wives' return information in their Opposition.   Only the taxpayers whose return information was allegedly disclosed—in this case, Plaintiffs Sangeetha, Varsha, and Jigisha Patel—may state a claim under § 7431 for unauthorized disclosure.  Accordingly, Dipak Patel's, Anand Patel's, and Himanshu Patel's claim is dismissed.

**C.     Whether Disclosure of Remaining Plaintiffs' Return Information was Authorized**

The Government argues that the remaining Plaintiffs' unauthorized disclosure claim should be dismissed because the Plaintiffs filed jointly with their husbands and, therefore, Agent Cummins was authorized to disclose Plaintiffs' joint return information to their husbands' authorized representatives at Weston Hurd.  (Doc. No. 8-1, PageID# 38.)  In response, Plaintiffs contend that the Government's argument is "presumptive and wrong."  (Doc. No. 10, PageID# 142.)  Plaintiffs argue that the Government's argument is "presumptive" because the Complaint does not allege that the couples are joint filers.  (*Id.*)  Plaintiffs further contend that the Government's argument is "wrong" because the Government attempts to overextend an exception, which would allow disclosure of one taxpayer's information to a second taxpayer "if that information is necessarily disclosed when the IRS communicates with the second taxpayer about his or her own return."  (*Id.*)  Plaintiffs argue that,

according to the Government's logic, Plaintiffs are entitled to receive their husbands', as well as Dharm's and Oom's, return information. (*Id.*)

First, the Court will address whether disclosure of a spouse's joint return information to the other spouse's appointed representative is an authorized disclosure. According to § 6103(e)(1)(B), a joint tax return may be disclosed to either of the two individuals with respect to whom the joint return was filed. 26 U.S.C. § 6103(e)(1)(B). § 6103(e)(6) permits disclosure of a return to the "attorney in fact duly authorized in writing by any of the persons described in paragraph (1) . . . ." 26 U.S.C. § 6103(e)(6). In other words, § 6103(e)(6) permits disclosure to an attorney who has been authorized in writing by either of the two individuals with respect to whom the joint return was filed. Finally, § 6103(e)(7) permits disclosure of return information "to any person authorized by this subsection," so long as disclosure would not seriously impair federal tax administration. 26 U.S.C. § 6103(e)(7). Thus, a taxpayer's return information may be disclosed to his "attorney in fact." *See Bickel & Brewer v I.R.S.*, No. 3-08-CV-0114-BD, 2008 WL 4966655, at *3 (N.D. Tex. Nov. 18, 2008) ("The return information of an individual may be disclosed only to the individual or to an 'attorney in fact duly authorized in writing by [the individual] to inspect the return or receive the information on his behalf.'"). Further, an attorney authorized in writing to receive a taxpayer's joint return under § 6103(e)(6) is a "person authorized by this subsection" to receive that same joint return information under § 6103(e)(7). Accordingly, the Court concludes that, based on the plain language of §§ 6103(e)(1)(B), (e)(6), and (e)(7), joint return information may be disclosed to the authorized attorney of either joint taxpayer with respect to whom the joint return is filed.

Neither party identified, nor did the Court locate in its own research, a case in which an unauthorized disclosure occurred when one joint filer's joint return information was disclosed to the

10

other joint filer's authorized attorney-in-fact.  Based on the Court's reading of § 6103(e)'s plain language, this makes sense.  If two spouses filed jointly, and one spouse authorizes in writing his attorney to receive his joint return information, the return information necessarily includes that of his spouse because the couple filed jointly.  In *Bolin v. U.S.*, a federal district court addressed generally the implications of filing jointly in the context of an unauthorized disclosure claim arising under § 7431.  *Bolin v. U.S.*, No. Civ.A.1:99-CV-335-MHS, 1999 WL 1270979, at *1 (N.D. Ga. Nov. 16, 1999).  In *Bolin*, the plaintiff alleged that the government was liable to her for disclosure of her joint return and joint return information when it used the joint tax returns the plaintiff filed with her husband in 1990 and 1991 to investigate and indict her husband for federal mail fraud.  *Id.*  Pursuant to its criminal investigation, the government sought to obtain the plaintiff's husband's tax returns from 1990 through 1995.  *Id.* at *2.  The plaintiff filed joint tax returns with her husband in 1990 and 1991.  *Id.*  According to the court, "for purposes of fulfilling the government's request for Larry Bolin's returns for those years, the IRS necessarily disclosed certain information about Jacqueline Bolin."  *Id.*  The court concluded that the IRS's disclosure of the plaintiff's returns was authorized: "[b]y filing jointly, however, plaintiff and her husband implicitly authorized the disclosure of information about each other in the event that one of them encountered tax difficulties subsequently."  *Id.*  *Bolin*'s conclusion provides further support for this Court's conclusion that, under § 6103, two spouses who file jointly authorize the disclosure of their return information in the event that either spouse authorizes his or her attorney-in-fact to receive his or her joint return information.

Plaintiffs' contention that the Government's argument is a "bridge too far" is not persuasive.  (Doc. No. 10, PageID# 142.)  Plaintiffs argue that, if the Government is correct that one taxpayer's return information can be disclosed to a second taxpayer when the IRS communicates with the second

11

taxpayer about his own return, then § 6103(e)(7) would allow disclosure to Plaintiffs of their husbands' return information, as well as that of corporate entities Dharm and Oom.  (*Id.*)  Plaintiffs are mistaken.  First, pursuant to §§ 6103(e)(1)(b) and 6103(e)(7), if Plaintiffs filed jointly with their husbands, then they are entitled to disclosure of their joint return information, which necessarily includes their husbands' return information.  *See Bolin*, 1999 WL 1270979, at *2.  Second, it does not follow, assuming Plaintiffs filed jointly, that Plaintiffs are also entitled to disclosure of Dharm's and Oom's return information.  Plaintiffs do not allege that they are shareholders in either entity, only that their husbands are shareholders.  (Doc. No. 1, ¶ 11.)  There is no connection between Dharm and Plaintiffs that necessarily merits disclosure of Dharm's return information to Plaintiffs under § 6103(e).

The Court concludes that there is no unauthorized disclosure of one spouse's joint return information when the IRS discloses such joint return information to the other spouse's authorized representative when both spouses filed jointly together.  Accordingly, if the Plaintiffs filed jointly with their husbands, the Plaintiffs cannot state a claim for unauthorized disclosure.  Thus, the Court must turn to the question of whether the Plaintiffs filed jointly with their husbands.

D.      **Whether Plaintiffs Filed Jointly with their Husbands**

Although Plaintiffs do not allege that they are joint filers in their Complaint, the Government argues that, nevertheless, the Court should conclude the Plaintiffs are joint filers for two reasons. (Doc. No. 8-1, PageID# 39.)  First, the Government contends that it is obvious from the face of the Complaint that Plaintiffs filed jointly with their husbands because the IRS issued proposed assessments against all six spouses relating to the IRS's audit of Dharm.  (*Id.*)  The Government argues that it makes little sense that Plaintiffs, who are not shareholders in Dharm, were subject to

assessments stemming from the Dharm audit unless Plaintiffs filed jointly with their husbands, Dharm shareholders.  (*Id.*)  Second, the Government asks the Court to consider three exhibits, which it argues demonstrate that Plaintiffs are joint filers with their husbands.  (*Id.*)  According to the Government, these exhibits are the Forms 886 that Agent Cummins issued to each taxpayer at the conclusion of her examination of Dharm.  (*Id.*)  The Government contends that Plaintiffs refer at length to these forms throughout their Complaint and that these forms are central to Plaintiffs' claim. (*Id.*)  Accordingly, the Government contends, the Court may consider these forms at the motion to dismiss stage.  (*Id.*)

In response, Plaintiffs argue that the Government's motion must be denied because Plaintiffs never allege in their Complaint that they filed jointly with their husbands.  (Doc. No. 10, PageID# 142.)  Plaintiffs do not address whether the Government's exhibits are true and correct copies of the Forms 886 that each taxpayer received, nor whether the Court may consider the Government's exhibits at this stage.

In ruling on a motion to dismiss, a court may consider: "(1) any documents attached to, incorporated by, or referred to in the pleadings; (2) *documents attached to the motion to dismiss that are referred to in the complaint and are central to the plaintiff's allegations*, even if not explicitly incorporated by reference; (3) public records; and (4) matters of which the court may take judicial notice."  *Flex Homes, Inc. v. Ritz-Craft Corp. of Michigan, Inc.*, 721 F. Supp. 2d 663, 669 (N.D. Ohio 2010) (emphasis added).  Consideration of such documents attached to a motion to dismiss "acts as a protection for the defendant, without which 'a plaintiff with a legally deficient claim could survive a motion to dismiss simply by failing to attach a dispositive document upon which it relied.'"  *Bihn*

13

*v. Fifth Third Mortg. Co.*, 980 F. Supp. 2d 892, 898 (S.D. Ohio 2013) (quoting *Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir. 1997)).

The Court concludes that it may consider the Government's exhibits.  First, Plaintiffs explicitly allege that Agent Cummins's "proposed assessment forms the basis of this action." (*Id.* at ¶ 23.)  Plaintiffs allege that Agent Cummins had no authority to disclose the Plaintiffs' return information to Weston Hurd when she sent copies of the proposed assessments to Weston Hurd.  (*Id.* at ¶¶ 27, 43.)  Therefore, the assessments are central to Plaintiffs' claim. *See Weiner*, 108 F.3d at 89. Second, Plaintiffs refer repeatedly to the assessments throughout their Complaint.  (*See* Doc. No. 1, ¶¶ 23-28, 31-34, 37-45.)  Finally, the Government contends that Exhibits A, B, and C are copies of the Forms 886 that Agent Cummins "issued to each taxpayer at the conclusion of the examination . . . ." (Doc. No. 8-1, PageID# 39.)  Plaintiffs do not dispute the authenticity of these exhibits in their Opposition or argue that Exhibits A, B, and C are not the forms they and Weston Hurd received from Agent Cummins.

Next, the Court will evaluate whether Exhibits A, B, and C establish that the Plaintiffs filed jointly with their husbands.  Each exhibit contains 29 total pages, although none of the exhibits include page numbers anywhere on the face of the document.  (*See* Doc. Nos. 8-2, 8-3, 8-4.)  The first page of each exhibit begins with the heading "APPENDIX A: Annotated Table of Selected Authorities." (*Id.*)  Every page of each exhibit includes a heading at the top. (*Id.*)  The heading contains several boxes.  The boxes are labeled thus: "Form 886A," "Department of the Treasury – Internal Revenue Service Explanation of Items," "Schedule No. or Exhibit," "Name of Taxpayer," and "Year/Period Ended." (*Id.*)  The box labeled "Schedule No. or Exhibit" is blank on all three exhibits. (*Id.*)  The box labeled "Year/Period Ended" contains the same set of dates on all three

exhibits: "12/31/2013; 12/31/2014; 12/31/2015; 12/31/2016; 12/31/2017; 12/31/2018."  (*Id.*)  In Exhibit A, under "Name of Taxpayer," it reads "Patel, Dipak & Varsha."  (Doc. No. 8-2.)  In Exhibit B, under "Name of Taxpayer," it reads "Patel, Himanshu & Jigisha."  (Doc. No. 8-3.)  Finally, in Exhibit C, under "Name of Taxpayer," it reads "Patel, Anand & Sangeetha."  (Doc. No. 8-4.)

The Government ascribes great weight to the "Name of Taxpayer" box.  (Doc. No. 8-1, PageID# 39.)  According to the Government, the Forms "identify the 'taxpayer' under examination: the three married couples who are the plaintiffs in this action, each named jointly on one form."  (*Id.*)  The Government argues that "[t]his should resolve any doubt that the tax returns at issue were filed jointly and that the assessments were proposed jointly."  In other words, the Government contends that, because Exhibit A identifies the "taxpayer" under examination as "Patel, Dipak & Varsha," then Dipak and Varsha must have filed jointly as a married couple, and so on through Exhibits B and C.

The Court declines to conclude whether Plaintiffs filed jointly based on the Government's Exhibits A through C.  Simply put, Exhibits A, B, and C do not explicitly specify the Plaintiffs' filing status.  Exhibits A, B, and C do not indicate that Plaintiffs filed jointly with their husbands.  Rather, each couple is listed under "Name of Taxpayer."  (*See* Doc. Nos. 8-2, 8-3, 8-4.)  The forms do not include a definition of "taxpayer" or any explanation that if a married couple is listed as a single "taxpayer," then the couple filed jointly.  Additionally, the Government does not indicate that these are true and correct copies of the forms that Agent Cummins sent to Plaintiffs and to Weston Hurd. While the Court acknowledges that Exhibits A through C suggest that Plaintiffs may be joint filers, and also that the fact that Agent Cummins addressed the assessments to Plaintiffs and their husbands further suggests that Plaintiffs are likely joint filers, neither conclusively demonstrates Plaintiffs' filing status.  Moreover, according to the Government, it has myriad other documents that fall outside

15

of the pleadings but may be considered on a motion for summary judgment and that demonstrate Plaintiffs filed jointly with their husbands. (*See* Doc. No. 8-1, PageID# 39 n.2; Doc. No. 11, PageID# 148 n.3.)

The Court concludes that it is more prudent not to decide this matter on the pleadings and exhibits alone.  Instead, the Court will evaluate the issue of Plaintiffs' filing status on summary judgment, with the benefit of a more complete record.  Because it is unclear whether Plaintiffs filed jointly, the Court cannot yet conclude whether Agent Cummins's disclosure of Plaintiffs' return information to Weston Hurd was unauthorized.  Accordingly, the Court denies the Government's Motion to Dismiss Varsha Patel's, Sangeetha Patel's, and Jigisha Patel's claim.

### E.      Whether the Disclosure Was Based on a Good Faith Interpretation of § 6103

Because the Court declines to determine at this juncture whether the disclosure was unauthorized, the Court need not address the Government's argument that, to the extent the disclosure was unauthorized, it was made based on Agent Cummins's good faith interpretation of § 6103.[2]

## IV.    Conclusion

Accordingly, for the reasons set forth above, the Government's Motion to Dismiss (Doc. No. 8) is GRANTED in part and DENIED in part as follows: the Government's Motion to Dismiss Dipak Patel's, Anand Patel's, and Himanshu Patel's claim is GRANTED; the Government's Motion to Dismiss Varsha Patel's, Sangeetha Patel's, and Jigisha Patel's claim is DENIED.

**IT IS SO ORDERED.**

---

[2] The Court also declines to address Plaintiffs' various arguments stemming from the substance of the audit examination. Plaintiffs' claim arises under § 7431, which provides a cause of action and damages for unauthorized disclosure of a taxpayer's return and/or return information, not alleged problems during the audit process. 26 U.S.C. § 7431.  Plaintiffs' arguments regarding the basis for Agent Cummins's rejection of the taxpayers' July 10, 2020 appeal, whether the appeal was improperly rejected, and whether a Form 2848 is required to file an appeal are all beyond the scope of this action. (Doc. No. 10, PageID# 133, 136-40.)

_s/Pamela A. Barker_
PAMELA A. BARKER
Date:  April 6, 2021                                U. S. DISTRICT JUDGE

17